

**NUMBER 13-08-00301-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**FRANCISCO NAVA, JR.,**                                         **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                              **Appellee.**

---

**On appeal from the 105th District Court of Nueces County, Texas.**

---

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Memorandum Opinion by Justice Garza

Appellant, Francisco Nava, Jr., was indicted on April 11, 2003, on one count of recklessly causing bodily injury to a child, a state jail felony. *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (Vernon Supp. 2008). Nava was re-indicted on May 29, 2003 for the offense of recklessly causing serious bodily injury to a child, a second-degree felony. *See id.* § 22.04(a)(1), (e) (Vernon Supp. 2008). The State re-indicted Nava a second time on June 5, 2003, charging him with intentionally or knowingly causing serious bodily injury to a child, a first-degree felony. *See id.* Pursuant to the terms of a plea bargain agreement, Nava pleaded guilty to the first-degree felony and was placed on deferred adjudication community supervision for a period of ten years.

On July 22, 2004, the State filed a motion to revoke Nava's community supervision. Nava pleaded "true" to the allegations contained in the motion and was sentenced to thirty days in jail. The State filed a second motion to revoke Nava's community supervision on November 1, 2005. Nava again pleaded "true" to the allegations contained in the motion and was ordered to attend an alcohol counseling program. A third motion to revoke was filed by the State on August 21, 2006; Nava pleaded "true" to the those allegations as well, and was ordered to undergo a substance abuse evaluation.

On March 24, 2008, the State filed its fourth and final motion to revoke Nava's community supervision. Nava once again pleaded "true" to the allegations contained in the motion. This time, the trial court granted the State's motion and sentenced Nava to twelve years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Nava now appeals, and we affirm.

## I. *ANDERS* BRIEF

Nava's court-appointed appellate counsel has filed a motion to withdraw and a brief in support thereof in which she states that she has diligently reviewed the entire record and that "her review and investigation have revealed no error to bring to this [C]ourt's attention." *See Anders v. California*, 386 U.S. 738 (1967). Counsel notes three issues that could "potentially" be raised on appeal: (1) that the trial court lacked jurisdiction; (2) that the evidence was insufficent to support Nava's conviction; and (3) that the imposed sentence was outside the statutory range. Counsel concludes, however, that these issues lack merit and that any appeal in this case would be frivolous. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation showing why there are no arguable grounds for advancing an appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has carefully discussed why, under controlling authority, there are no errors

in the trial court's judgment. Counsel has informed this Court that she has (1) examined the record and has found no arguable grounds to advance on appeal, (2) served a copy of the brief and motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response within thirty days.[1] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3. More than an adequate time has passed, and no pro se response has been filed.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and find that the appeal is wholly frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion it considered the issues raised in the brief and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, counsel has filed a motion to withdraw. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant the motion to withdraw.

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

We further order that counsel must, within five days of the date of this opinion, send a copy of the opinion and judgment to Nava and advise him of his right to file a petition for discretionary review.[2]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).
Memorandum Opinion delivered and
filed this the 19th day of March, 2009.

---

[2] No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3, 68.7.  Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.